UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 14  A 11: 08

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| ZORAIDA SANTIAGO<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:00CV00662(CFD)<br>: |
| v. | : |
| DEPARTMENT OF SOCIAL<br>SERVICES, ET AL.<br>*Defendants* | :<br>:<br>: October 14, 2003 |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY DISMISSAL AND/OR THIRD MOTION TO COMPEL AND MOTION FOR SANCTIONS

Pursuant to Rule 37(a), Rule 37(b)(2)(C), Rule 37(d), Rule 41 of the Federal Rules of Civil Procedure, and Local Rule 37, the defendants respectfully request that the plaintiffs case be dismissed and, if not dismissed, in the alternative, the defendants move to compel for the third time the plaintiff to cooperate in discovery by responding fully to Interrogatories and Requests for Production dated April 10, 2001.[1] The defendants represent for the Court's convenience the following summary of rulings and attach prior court rulings related to this discovery dispute as Exhibits K, A, B, C, and D[2]:

1. The defendants filed a Motion to Compel dated December 11, 2001. (Doc. # 26).

2. On March 29, 2002, the Court (Droney J) granted Defendants' Motion to Compel (Endorsement 26-1, attached as Exhibit B). The Defendants' Motion, which motion sought

---

[1] Exhibit F is a copy of the defendants' interrogatories and requests for production.

[2] Exhibit K is Judge Droney's, Sept. 9, 2003 endorsement order denying without prejudice to refilling defendant's motion to dismiss and/or motion to compel. Exhibit A is Magistrate Judge Garfinkel's endorsement order denying plaintiff's motion for reconsideration. Exhibit B is Magistrate Judge Garfinkel's endorsement order granting defendants' renewed motion to compel absent objection with sanctions of $528.00. Exhibit C is Judge Droney's endorsement order granting defendants' motion to compel absent objection.

1

production of all documents within ten (10) days of the granting of the motion or suffer the dismissal of the lawsuit with prejudice. (Doc. # 26, page 2).

3. The defendants received incomplete and inadequate discovery responses from the plaintiff dated on about May 1, 2002, entitled Plaintiff's Third (sic) Supplemental Compliance with Defendants' Request for Disclosure and Production.

4. The defendants filed a Renewed Motion to Compel, Motion for Summary Dismissal and Motion for Sanctions on May 21, 2002 (Doc. # 28).

5. The renewed Motion to Compel was referred to Magistrate Judge William I. Garfinkel (Doc. # 31). The Honorable Magistrate Judge Garfinkel granted defendants' motion, ordering disclosure of ALL outstanding discovery requests and also ordered requested sanctions against the plaintiff in the amount of $528.00 (Endorsements 28-1, 28-3, dated October 22, 2002).

6. The plaintiff's counsel, who had not responded to either of the defendants' motion to compel pleadings, filed a Motion for Reconsideration (Doc. # 33, dated October 31, 2002) of Magistrate Judge Garfinkel's ruling.

7. The plaintiff's Motion for Reconsideration was denied (Endorsement 33-1, dated December 4, 2002, Garfinkel, MJ) with the Court ordering the plaintiff to comply fully by Dec. 31, 2002 and permitting the defendants to file a subsequent motion to dismiss.

8. The plaintiff subsequently forwarded to the defendants Plaintiff's Fourth (dated December 31, 2002, delivered January $2^3$), Fifth (dated January 7, 2003, delivered Jan. 8, 2003) and Sixth (January 9, 2003, delivered Jan. 13, 2003) Supplemental Compliance with Defendants' Request for Disclosure and Production.

---

[3] Exhibit D is FedEx Airbill indicating noncompliance with Dec. 31, 2002 deadline.

9. Based on the inadequacies of these responses, the defendants filed a Motion to Dismiss Pursuant to Federal Rules 37 and/or 41, with accompanying memoranda. (Doc. # 38, dated January 23, 2003).

10. Defendants' Motion to Dismiss was "denied without prejudice to filing a new motion to compel, for sanctions or to dismiss..." (Endorsement 38-1, dated September 9, 2003).

11. Pursuant to the side ruling in Endorsement 38-1, the undersigned is filing this instant motion.

12. The plaintiff to date has failed to respond to several requests for production as set forth in Argument C.

13. Defendants' counsel has not re-noticed the plaintiff's deposition inasmuch as the defendants remain not in possession of responses to their requests for production, which are necessary in order to properly prepare for said deposition.

14. In support of this motion, the defendants file a certificate of good faith pursuant to Rule 37(a)(2)(B), Fed. R. Civ. P., and Local Rule 37.

15. The undersigned attached hereto as Exhibit L is the Affidavit of Margulies with attachments.

WHEREFORE, the Defendants request that complaint be dismissed in its entirety with prejudice, or in the alternative if no dismissal issues, that the plaintiff be ordered to immediately comply with the rules of discovery by responding to all requests for production within seven (7) days of the granting of this motion.. In addition, the defendants request that their expenses in the making of this motion, including reasonable attorney's fees, be allowed in accordance with Rule 37(a)(4)(A) in the amount of $ 726.50. The Bill of Costs and Requests for Attorney's Fees for this motion are attached.

"[T]he responses...are inadequate as a matter of law, and thus constitute a continuing failure to comply with applicable rules and court orders." Cleninshaw Co. v. City of Norwich, 93 F.R.D. (D.Conn. 1981).

## II.   Argument

The defendant now seeks to dismiss the case with prejudice due to the plaintiff's blatant noncompliance and disregard of discovery court orders. Dismissal with prejudice is a remedy that the Court can administer. Federal Rule of Civil Procedure 37(b)(2) permits a district court to sanction a party for failing to comply with discovery orders, including dismissal of the case. Fed. R. Civ. P. 37(b)(2). Federal Rule of Civil Procedure 41(b) provides that a district court may dismiss a case for failure of the plaintiff to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b). Federal Rules 37 and 41 can be used interchangeably. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (affirming dismissal that was based on both Rule 41 and Rule 37 and finding no need to distinguish between the two grounds); see also J-Square Marketing, Inc. v. Silpex Corp., et al., 1999 U.S. Dist. LEXIS 12395 (1999) (factors for dismissal under Rule 41(b) were helpful in considering a dismissal under Rule 37).

### A.   Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 37

Plaintiff's failure to comply with the Court's orders of March 29, 2002, October 21, 2002 and December 4, 2002 are in violation of Federal Rule 37(b)(2)(C) which, in pertinent part, states,

> (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

"Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action if a party...fails to obey an order to provide or permit discovery. Moreover, a district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices. See Penthouse Int'l v. Playboy Enters., 663 F.2d 371, 386-87 (2d Cir. 1981)" Minotti v. Lensink, 895 F.2d 100, 102 (2d Cir. 1990) (internal quotation marks omitted).

> Although dismissal of an action or proceeding is the most severe of appropriate sanctions for noncompliance with discovery orders, see National Hockey Leave v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 49 L.ed. 2d 747, 96 S. Ct. 2778 (1976) (per curiam), "the requisite 'element of willfulness or conscious disregard' for the discovery process...justifies the sanction of dismissal." Founding Church of Scientology of Washington, D.C. Inc., v. Webster, 256 U.S. App. D.C. 54, 802 F.2d 1448 1458 (D.C. Cir. 1986) (citations omitted), cert denied, 484 U.S. 871, 98 L.Ed. 2d 150, 108 S. Ct. 199 (1987).

Minotti, 805 F.2d at 103. Plaintiff has failed to comply with the Court's orders to compel discovery, granted March 29, 2002, October 21, 2002 and December 4, 2002. See, e.g., Sneed v. Muscato, 1997 U.S. Dist. LEXIS 5654 (W.D.N.Y. 1997).

Dismissal under Rule 37 requires the court to find "willfulness, bad faith, or any fault" on the part of the party refusing discovery. Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986). See, also, Cleminshaw, 93 F.R.D. at 349-350; Kikuts v. Baxter Healthcare Corp., 2001 U.S. Dist. LEXIS 1379 (S.D.N.Y. 2001) ("Plaintiff's failure...has been willful and without any justification."). In the very recent case of Handwerker v. AT&T Corp. and American Telephone & Telegraph, 2002 U.S. Dist. LEXIS 18441 (Sept. 30, 2002), the court explained what constitutes willful noncompliance.

> Noncompliance may be deemed willful "when the court's orders have been clear, when the party has understood them, and when the party's non-

5

> compliance is not due to factors beyond the party's control." Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995) (citing Societe 357 U.S. at 212-13 and Jones v. Niagara Frontier Transp. Authority, 836 F.2d 731 (2d Cir. 1987)). In addition, "a party's persistent refusal to comply with a discovery order" presents sufficient evidence of willfulness, bad faith or fault. Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 5090 (S.D.N.Y. 1993) (unexcused failure to comply with two discovery orders warranted dismissal).

2002 U.S. Dist. LEXIS 18441 (Sept. 30, 2002) (attached hereto).

Plaintiff's first set of responses to Defendants' Interrogatories and Requests for Production, dated July 28, 2001, were non-responsive and evasive in many instances in violation of Rule 37(a)(3). When appropriate responses were requested by letters or faxes dated September 7, 2001, September 26, 2001, November 28, 2001 and December 5, 2001, plaintiff on or about December 27, 2001 filed responses ONLY to Requests for Production Nos. 6 and 12 and ignored all other outstanding discovery requests. The Supplemental responses on or about May 1, 2002 were unsatisfactory at best, and at worst responded only to Defendants' Requests for Production Nos. 5 and 15. Requests for Production Nos. 1, 2, 4, 8, 9, 10 and 11 were – again – wholly ignored despite the Court's order of October 21, 2002. Plaintiff's three additional responses filed past the court's final deadline in January 2003 were still not in full compliance with defendants' requests.

"The sanction of dismissal is appropriate when a party's failure to comply with a discovery order is due to willfulness, bad faith or any fault. Kikuts, 2001 U.S. Dist. LEXIS 1379 at *2, quoting from Quiles v. Beth Israel Medical Ctr., 168 F.R.D. 15, 18 (S.D.N.Y. 1996). Plaintiff's bad faith in discovery, as evidenced by a persistent refusal to comply when non-compliance was not beyond the control of the plaintiff or her attorney, is certainly grounds for dismissal. E.g., Baba v. Japan Travel Bureau Int'l Inc., 111 F.3d 2, 5 (2d Cir. 1997) (dismissal affirmed based on wilful disregard of discovery orders for over a year); Hull, Inc. v. Waterbury

Petroleum Products, Inc., 845 F.2d 1172, 1176-77 (2d Cir. 1988) (dismissal affirmed based on failure to provide meaningful discovery despite three court orders; Kikuts, 2001 U.S. Dist. LEXIS 1379 *4 (dismissal appropriate where plaintiff thwarted progress in action for over five months).

The Second Circuit has not hesitated to order dismissal as a sanction for 'willfulness, bad faith, or any fault' pursuant to Rule 37(b)(2) or Rule 37(d). Noble: Karim Ali Muhammad, Bey v. Human Resources Administration & the City of New York Office of Administrative Hearings, et al., 1999 U.S. Dist. LEXIS 6302 * 5 (E.D.N.Y. 1999) (attached hereto) quoting Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (citations omitted); see Societe International Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 199, 2 Led. 2d 1255, 78 S. Ct. 1087 (1958); Bopal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 766 (2d Cir. 1990) cert. denied, 499 U.S. 943, 113 L.Ed.2d 459, 111 S. Ct. 1404 (1991).

In ordering dismissal under Rule 37, courts also look to whether notice of the consequences of noncompliance were provided. Notice of the risk of dismissal was made clear not only in the defendant's Motion to Compel, dated December 11, 2001, defendant's Renewed Motion to Compel, dated May 20, 2002, and defendant's Objection to plaintiff's Motion for Reconsideration, dated, Nov. 5, 2002, but also in the court's Dec. 4, 2002 order which states in pertinent part: "Absent full compliance, defendants' may file a new motion to dismiss or in the alternative for imposition of lesser sanctions." Giving plaintiff further time would be fruitless. See, e.g., Carvalho v. Reid, 193 F.R.D. 149 (S.D.N.Y. 2000). Plaintiff has been given numerous opportunities to comply with the discovery requests and his failures were not the result of factors beyond his control. The lesser sanction of awarding costs in the amount of $528.00 in this case has already been ordered and paid; it has not had the desired effect. Yet, the plaintiff has still not

satisfied full compliance with defendant's requests and the court's orders to fully comply. In light of the clear warnings and repeated failures to comply, and the fact that lesser sanctions have already been imposed without effectiveness, there is ample justification to dismiss the action with prejudice. E.g., Friends of Animals Inc. and Feral v. U.S. Surgical Corp., et al, 131 F.3d 332, 334 (2d Cir. 1997); Handwerker, 2002 U.S. Dist. LEXIS 18441 *20, 21; Noble: Karim Ali Muhammad, Bey, 1999 U.S. Dist. LEXIS 6302 *6-7.

The failure to comply has prejudiced the defendant in the preparation of its defense. Handwerker, 2002 U.S. Dist. LEXIS * 22. The persistent non-compliance over one and a half years (from the time the plaintiff filed her initial inadequate response in July 2001 to the present time) weighs in favor of dismissal with prejudice. Handwerker, 2002 U.S. Dist. LEXIS 18441 at *22-23 (nine months justified dismissal with prejudice); Kikuts, 49 Fed. R. Serv.3d 1029, 2001 U.S. Dist. LEXIS 1379 (S.D.N.Y. 2001) (five months justified dismissal); Sneed v. Doctor Muscato, et al., 1997 U.S. Dist. LEXIS 5654 (W.D.N.Y. 1997) (nineteen months failure to respond to interrogatories and eight months failure to comply with court order justified dismissal).

Just as the plaintiff in J-Square was "given a fair chance to be heard at every turn" and "had more than its due of due process, and it's abused what it's had," so has our plaintiff been provided more than adequate due process with full compliance not yet forthcoming. 1999 U.S. Dist. LEXIS 12395 *21-22. J-Square Marketing, Inc. v. Sipex Corp., 1999 U.S. Dist. LEXIS 12395, at *6, 31 (D.Conn. 1999), affirming Magistrate Judge William I. Garfinkel's dismissal ruling, (court noted that "plaintiff failed to object to motion and filed motion for reconsideration instead). Likewise, the plaintiff in our case failed twice to object to defendant's motions to

compel. Only after sanctions in the amount of $528.00 were imposed did plaintiff see fit to file a motion for reconsideration.

The plaintiff cannot now be heard to urge leniency due to his late (and inadequate) attempts to comply with the court's order. Cine Forty-Second Street Theatre Corp., 602 F.2d1062, 1068 (2d Cir. 1979). The court in Cine Forty-Second Street Threatre Corp. rejected a similar plea stating "[i]f parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." Id. quoting Dellums, 184 U.S. App. D.C. at 343-344, 566 F.2d at 235-36. The court also noted that compulsion is not the sole function of the rule, but rather deterrence was also a purpose. "Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall." Id. at 1068.

### B.     Plaintiff's Action Should Be Dismissed Under Fed. R. Civ. Proc. 41 For Failing to Comply With a Court Order.

The factors considered to determine whether a case should be dismissed under Fed. R. Civ. Proc. 41 include: (1) the duration of non-compliance; (2) notice of dismissal; (3) likeliness of prejudice by further delay; (4) balancing of court's interest in managing docket with plaintiff's interest in receiving fair chance to be heard; (5) adequacy of less drastic sanction. Shannon v. GE Co., et al., 186 F.3d 186, 194 (2d Cir. 1999); J-Square Marketing, Inc., 1999 U.S. Dist. LEXIS 12395 *4. Since these factors have been considered for the most part above, there is no need to go through them again here. However, a few more points will be made.

"The primary rationale underlying a dismissal under Rule 41(b) is the failure of plaintiff in his duty to process his case diligently." Lyell, 682 F.2d at 42 citing Messenger v. United

States, 231 F.2d 328, 331 (2d Cir. 1956).   The court has a great interest in favoring prompt disposition of cases.  Lyell, 682 F.2d at 42.  "[T]he purpose of a Rule 41(b) dismissal for failure to prosecute...is to penalize dilatoriness and harassment of defendants."  Shannon, 186 F.3d at 192 (internal citation omitted.)

Notice of dismissal is not necessarily required for the court to dismiss an action under Rule 41(b).  Lyell, 682 F.2d at 42 citing Link v. Wabash Railroad Co., 370 U.S. 626, 633.

"Prejudice to defendants resulting from unreasonable delay may be presumed."  Lyell Theatre, 682 F.2d at 43, citing Citizens Utilities Co. v American Telephone and Telegraph Co., 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931 (1979).  Accord, Shannon, 186 F.3d at 195 ("delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult").

### C.  In The Absence of Dismissal, Defendants Move to Compel And Seek Sanctions.

The following discovery requests are still in dispute:

a)   Request for Production No. 4 – Plaintiff in answering Interrogatory No. 8 stated that a conversation between herself and then Department of Social Services Commissioner Joyce Thomas was taped.  The tape was requested but in responding to the production request, at first the plaintiff's response was "not applicable."  The plaintiff's counsel is now saying the tapes "cannot be timely located and disclosed."

b)   Request for Production No. 5.  This requests asks for federal AND state income tax returns with all attachments and schedules.  To date, no tax information, federal OR state, has been received from the plaintiff.  The plaintiff in her Third Supplemental Compliance dated May 1, 2002 provided a "Request for Copy of Transcript of Tax Form" related to federal taxes.  In the Fourth Supplemental Compliance dated December 14, 2002, a similar form was

signed indicating information was to be forwarded to the undersigned. However, these authorizations were deemed inadequate by the prior rulings granting motions to compel, did not even relate to the years requested by the defendant (1995-1999), but rather the years 1998-2001, and required charges of $23 for each period to be paid by the defendant simply for tax transcripts, whereas the defendant asked for all tax forms, attachments and schedules. No responses regarding state taxes were ever received.

    c)  Request for Production No. 10. The plaintiff sent incomplete and late disclosures to defendants regarding employment earnings and pay stubs on January 2, 2003 and January 9, 2003 relating to Pratt and Whitney. However, no information has been forthcoming with regard to employment earnings and pay stubs with regard to Hobart West Group, or any other employer that might exist.

    d)  Request for Production No. 11. The defendants requested all information regarding the plaintiff's successful or unsuccessful attempt to secure employment. Plaintiff does not provide any documents related to attempts to obtain employment or income, other than a resume. By way of a late disclosure on January 13, 2003, defendants learned that plaintiff worked for a temporary agency "The Hobart West Group," but no particulars as to companies, dates or earnings have been forthcoming.

    e)  Request for Production No. 15. The request asks for the plaintiff to fill out and sign separate employment release authorization forms which require witnessing to ascertain the personnel file regarding every employer subsequent to her employment with the State of Connecticut. The plaintiff has instead produced one authorization which was not witnessed. A new employment release form has been faxed to the plaintiff's counsel as of Oct. 9, 2003 and attached hereto as Exhibit E.

f)   Requests for Production Nos. 1, 2, 8, and 9 generally seek medical reports and expenses, fully executed medical releases relating to all health are providers as well as documents relating to damages, lost injury and other harm. Plaintiff continues to say only that Foto's records have been destroyed. There is no indication that no other documents or providers exist.

In the event the case is not dismissed, the defendants hereby move to compel discovery and seek sanctions in the amount attached hereto in the Bill of Costs and supporting Affidavit of Margulies.

### III.   **Conclusion**

For the foregoing reasons, the defendants, Department of Social Services, Patricia Wilson-Coker and Dennis King, respectfully move this Court to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(C), 37(d), and 41(b). In the absence of such an order, the defendants respectfully move to compel and for sanctions as indicated in accompanying documentation. The plaintiff's failure to comply with court rulings has been longstanding and inexcusable.

DEFENDANT
DEPARTMENT OF SOCIAL
   SERVICES, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *Beth Z. Margulies*
Beth Z. Margulies
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
Beth.Margulies@po.state.ct.us
D. Conn. Federal Bar # 08469

## CERTIFICATION

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing Defendants' Third Motion for Summary Dismissal, Motion to Compel and Motion for Sanctions was mailed this 14th day of October, 2003 to:

Marc Glenn, Esq.
Law Offices of W. Martyn Philpot, Jr.
409 Orange Avenue
New Haven, CT 06511
Tel.: (203) 624-4666

*Beth Z. Margulies*
Beth Z. Margulies
Assistant Attorney General